On Application for Rehearing
En Banc.
PER CURIAM.
In application for rehearing, the plaintiff-appellant urges most forcefully that our original opinion herein did not pass upon his primary contention that the motor starter supplied and installed by the plaintiff did conform to the requirements of the contract, because it was equal to or better than the contract specifications and since, clearly and correctly described in the submittal data furnished to the Corps of Engineers and approved by the latter on May 15 as described, the substituted motor starter was an authorized deviation from the original contract requirement and thus within the contract specifications.
The plaintiff-appellant relies upon the contract provisions of 31-02, especially the last two italicized sentences of the following pertinent extract quoted:
“b. Approval of Materials and Equipment. As soon as practicable and within 30 days after the date of award of contract and before commencement of installation' of any materials or equipment, a plan and necessary elevations of the equipment-room layout showing the proposed air-conditioning equipment, ductwork, and all applicable appurtenances therefor, with clearances, together with a complete schedule of the materials and equipment proposed for installation shall be submitted for the approval of the contracting officer. The schedule shall include catalogs, cuts, diagrams, drawings, and such other descriptive data as may be required by the contracting officer. No consideration will be given to partial lists submitted from time to time. APPROVAL OF EQUIPMENT UNDER THIS PROVISION SHALL NOT BE CONSTRUED AS AUTHORIZING ANY DEVIATIONS FROM THE SPECIFICATION, UNLESS THE ATTENTION OF THE CONTRACTING OFFICER HAS BEEN DIRECTED TO THE SPECIFIC DEVIATIONS. Equipment differing from that specified may be proposed, provided the contractor clearly states such differences and provided all essential requirements of the differences and pro *558 vided all essential requirements of the specification are not. Consideration will be given to equipment offered under this provision, if, in the opinion of the contracting officer, the equipment is equal to or better than that specified, * * ” (Italics and boldface supplied by the court.)
The submittal data and drawings furnished by the plaintiff subcontractor to the defendant contractor and the Corps of Engineers on April 28, 1959 (see P-7) did not state that the motor starter described was a deviation from the contract requirements, nor did the plaintiff subcontractor at that time in any other way direct the attention of the contracting officer to the specific deviation of the motor starter in the submittal data and drawings from the contract specifications.
The resident engineer of the Corps of Enginers approved the data sheets submit-td “subject to prvoisions of the contract specifications” (D-2, letter of May 15, 1959), and on that date the drawings were stamped “approved” by this officer of the Corps of Engineers with the specific proviso that “Drawing is approved as conforming generally to requirements of contract plans and specifications. This approval does not relieve the contractor of responsibility for accuracy of details, dimensions and quantities on contract drawing” (P-8). (Italics ours.)
The approval of the Corps of Engineers under the contract provision 31-02b relied upon by the plaintiff subcontractor could not under its specific terms “be construed as authorizing any deviation from the specifications, unless the attention of the contracting officer has been directed to the specific deviations”, (See boldface sentence in full quotation above.) The approval of the Corps of Engineers on May 15, 1959 was specifically made subject to contract specifications and as not relieving the contractor of responsibility for accuracy of details (see also contract provision SC-9, quoted in our original opinion).
Thus, as we stated in our original opinion, the tentative approval by the Corps of Engineers of the submittal data and drawings did not, under the contract and the circumstances shown, amount to approval of the substituted motor starter as an authorized deviation from the contract re-' quirements so as to relieve the plaintiff subcontractor of liability for not having furnished a motor starter in accordance with the original contract specifications.
Application for rehearing is denied.
CULPEPPER, J., recused.